

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

September 2, 1959

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Calvert:

OPINION NO. WW-694

Re: Correct definition of "Art-
icles made of precious
metals" and proper valuation
of such metals and "precious
or semi-precious stones"
for purpose of tax imposed
by Art. 20.06 ½, H.B. 11,
3rd C.S. 56th Leg.

You have posed several questions regarding Art. 20.06 ½
of H.B. 11, 3rd, C.S., 56th Leg., which is quoted as follows:

> "Precious or semi-precious stones; all articles
> made of fur on the hide or pelt; articles made
> of precious metals. There is hereby levied and
> shall be imposed upon the sale, distribution or
> use in this State on all articles commonly or
> commercially known as 'precious or semi-precious
> stones'; all articles made of fur on the hide or
> pelt; articles made of precious metals; having a
> value in excess of Twenty-five Dollars ($25.), an
> excise tax equivalent to three per cent (3%) of
> the retail price for which any such items are
> sold."

You specifically ask:

1. Is the tax on precious metals limited to metals
so defined in the trade or industry, i.e., gold,
silver, platinum, and all metals having a comparable
or higher value?

2. Does this mean that the tax shall be levied only
upon pure gold or pure silver? Gold is composed of
24 karats. Anything less than this is considered an
alloy. The Federal Trade Commission prohibits the
use of the unqualified gold in advertising unless
it is 24 karats.

3. If Question No. 1 is decided in favor of taxing other than the precious metals, what will be the dividing line?  10 karat gold which is less than one-half?  14 karats which is barely more than one-half?

4. Are articles made of non-precious metal but coated with a precious metal to be taxed?

5. Is sterling silver to be taxed?  Silver is composed of 1000 parts fine.  Sterling silver is .925 fine and is defined as an alloy of silver by all standards, including federal law (U.S. Stamping Law, Webster's Dictionary, etc).

6. When an article is made of part pure gold or pure silver, and the value of the pure gold or pure silver is less than $25 but the aggregate value of the article is more than $25, is this item to be taxed? Example: a charm made of pure gold worth less than $25 but containing a semi-precious stone worth less than $25, the aggregate value being $40.  What tax, if any? Another example would be where an individual has a charm and purchases three separate stones to be attached thereto.  The aggregate value of the stones being over $25 but each stone having a value of less than $25.

"It is interesting to note that the Legislature in drawing this Section provided for a tax on articles commonly or commercially known as precious or semi-precious stones but imposed a tax on articles made of precious metals.  This implies that the tax on  precious or semi-precious stones is a tax on the stones themselves and not to the articles to which they are attached.  The question is, therefore, whether or not a watch which is made of stainless steel, having 12 diamonds each of a value of less than $25, that is itself worth $250, shall be taxed.  If so, what portion?"

Questions Relating to "Precious Metals"

In construing civil statutory enactments, "The ordinary signification shall be applied to words, except words of art or words connected with a particular trade or subject matter, when they shall have the significance attached to them by experts in such art or trade, with reference to the subject matter." (Emphasis added)  Article 10, Sec. 1, V.A.C.S.

The meaning attributed to "precious metals" by the trade
or industry accords with the common or ordinary meaning
of the term, as reflected by Webster's new International
Dictionary (2nd Ed.):

"Precious metals:  The uncommon and highly valuable
metals, esp. gold, silver and patinum."

The Federal government levies a retailers excise tax
on articles made of or ornamented, mounted or fitted with
precious metals or imitations thereof.  26 U.S.C.A. Sec.
4001 (I.R.C. 1954).  In reference to the tax, the following
departmental construction has been issued:

"The term precious metals includes patinum, gold,
silver, and other metals of similar or higher value.
The term 'imitations thereof' includes platings and
alloys of such metals."

Title 26 C.F.R., Sec. 320.33 (1949 Ed.) (emphasis
added.)

It is apparent that the term "precious metals" has a
clearly defined and well established meaning.  Had the legis-
lature intended to extend the scope of the tax beyond such
metals, it could easily have used language appropriate to the
purpose.  The same is true regarding plating.  The tax is
imposed on articles made of precious metals; such language
negatives any intent to tax articles "coated" with or made
"in part" of precious metals.  Questions concerning whether
a revenue measure extends to particular objects are to be
strictly construed against the tax and in favor of the tax-
payer. State v. San Patricio Canning Co. 17 S.W. 2d 160 (Tex.
Civ. App. 1929, no writ history); Western Public Service Co.
v. Meharg 116 Tex. 193, 292 S.W. 168, 1927; Sutherland,
Statutory Construction, (2nd Ed.) p. 293, Ch. 67, Sec. 6701.

From the foregoing discussion, it is apparent that
questions No. 1 and 2 must be answered in the affirmative and
questions 4 & 5 answered in the negative; having affirmatively
answered questions 1 & 2, it is unnecessary to answer question
3.

### Questions concerning valuation

Your fifth question presents problems concerning proper
valuation of certain articles.

Article 20.06 ½ of H.B. 11 imposes an excise tax on the sale, distribution or use of "all articles commonly or commercially known as 'precious or semi-precious stones'...having a value in excess of Twenty-five Dollars. . . ."(emphasis added).  Again, had the legislature intended to levy the tax upon the sale or use of stones having an aggregate value in excess of $25, or had it intended to levy the tax on articles containing or made of stones having an aggregate value in excess in excess of $25, it would have employed language appropriate to such purpose.  Since the legislature failed to employ such language, but instead used language clearly evidencing the contrary, it follows, as you have correctly stated, that "the tax on precious or semiprecious stones is a tax on the stones themselves and not the articles to which they are attached."  Consequently the answers to the questions concerning such stones are apparent.  Where an individual purchases stones to be attached to a charm, the tax is on any stone having a value in excess of $25, but is not levied on the stones having less than such value.  Likewise, no tax is imposed on a watch containing 12 stones each of a value less than $25; however, if any such stone had a value in excess of $25, the tax would apply to such stone.

The tax on precious metals is on articles made of precious metals.  Since the legislature did not levy the tax on articles made "in part of" or "coated or plated with" precious metals, it is obvious that before an article is taxable it must be made principally of precious metals. Consequently, if an article is made of pure gold and pure silver, the tax is on the aggregate value.  But, where the article is made of gold or silver plated non-precious metal, or gold or silver alloy, no tax attaches regardless of the aggregate value of the article or the individual value of the gold and/or silver used in such article.  But the addition of another item such as a diamond to a pure gold ring does not defeat the tax.

### S U M M A R Y

The term "articles made of precious metals" as used in Art. 20.06 ½ of H.B. 11, 3rd C.S. 56th Leg., means articles made of gold, silver, platinum or metals of similar or higher value of combinations thereof, and does not include articles plated with such metals or alloys, i.e., combinations with non-precious metals.

3431

The tax imposed on precious or semi-precious stones is levied on individual stones of a value in excess of $25.; tax on precious metals is upon articles made of such metals, or combinations thereof, having a value in excess of $25.

Yours truly

WILL WILSON
Attorney General of Texas

By_____
Jack Price
Assistant Attorney General

OPINION COMMITTEE:

Geo. P. Blackburn, Chairman

J. C. Davis, Jr.

James R. Irion III

Marvin Thomas

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert